UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LIONRA TECHNOLOGIES LTD.,<br><br>    Plaintiff,<br><br>  v.<br><br>CISCO SYSTEMS, INC.,<br><br>    Defendant. | Case No. 2:24-cv-97<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT FOR PATENT INFRINGEMENT AGAINST CISCO SYSTEMS, INC.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Lionra Technologies Limited ("Plaintiff" or "Lionra") makes the following allegations against Defendant Cisco Systems, Inc. ("Defendant" or "Cisco"):

## INTRODUCTION

1. This complaint arises from Cisco's unlawful infringement of the following United States patent owned by Plaintiff, which relates to improvements in packet processing in computing systems: United States Patent No. 7,738,471 ("the '471 Patent" or "Asserted Patent").

## PARTIES

2. Plaintiff Lionra Technologies Limited is a private company limited by shares organized and existing under the laws of Ireland, with its principal place of business at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland. Lionra is the sole owner by assignment of all rights, title, and interest in the Asserted Patent, including the right to recover damages for past, present, and future infringement.

3. On information and belief, Defendant Cisco Systems, Inc. is a California corporation with its principal place of business at 170 West Tasman Drive, San Jose, California 95134. Cisco is registered to do business in the State of Texas and may be served through its registered agent Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Cisco in this action because Cisco has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Cisco would not offend traditional notions of fair play and substantial justice. Cisco maintains several places of business within the State, including at 2250 East President George Bush Turnpike, Richardson, TX 75082. Cisco, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patent. Cisco is registered to do business in the State of Texas and has appointed as their registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, for service of process.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Cisco is registered to do business in Texas, and upon information and belief, Cisco has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among

other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patent. Cisco has regular and established places of business in this District, including at 2250 East President George Bush Turnpike, Richardson, TX 75082.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,738,471

7. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,738,471, titled "High speed packet processing in a wireless network." The '471 Patent was duly and legally issued by the United States Patent and Trademark Office on June 15, 2010. The '471 Patent is valid and enforceable. A true and correct copy of the '471 Patent is attached hereto as Exhibit 1.

9. Cisco makes, uses, offers for sale, sells, and/or imports certain products, including without limitation Cisco Catalyst 9600 Series Switches, Cisco Catalyst 9500 Series Switches, Cisco Catalyst 9400 Series Switches, Cisco Catalyst 9300 Series Switches, Cisco Catalyst 9200 Series Switches, Cisco Nexus 9000 Series Switches, Cisco Nexus 7000 Series Switches, Cisco Nexus 3550 Series, Cisco Nexus 3000 Series Switches, Cisco Nexus 2000 Series Fabric Extenders, Cisco Catalyst 1300 Series Switches, Cisco Catalyst 1200 Series Managed Switches, Cisco Catalyst 1000 Series Switches, Catalyst IE9300 Rugged Series Switches, Cisco Catalyst ESS9300 Embedded Series Switch, Cisco Catalyst IE3400 Heavy Duty Series IE Switches, Cisco Catalyst IE3400 Rugged Series, Cisco Catalyst IE3300 Rugged Series, Cisco Catalyst IE3200 Rugged Series, Cisco Catalyst IE3100 Rugged Series, Cisco Embedded Services 3300 Series Switches, Cisco Industrial Ethernet 5000 Series Switches, Cisco Industrial Ethernet 4010 Series Switches,

Cisco Industrial Ethernet 4000 Series Switches, Cisco Industrial Ethernet 3010 Series Switches, Cisco Industrial Ethernet 2000 Series Switches, Cisco Industrial Ethernet 2000U Series Switches, and Cisco Industrial Ethernet 1000 Series Switches (the "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '471 Patent. Identification of the accused products will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

10. The Accused Products satisfy all claim limitations of one or more claims of the '471 Patent. A claim chart comparing exemplary independent claim 13 of the '471 Patent to representative Accused Products is attached as Exhibit 2.

11. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Cisco has injured Plaintiff and is liable for infringement of the '471 Patent pursuant to 35 U.S.C. § 271(a).

12. Cisco also knowingly and intentionally induces infringement of one or more claims of the '471 Patent in violation of 35 U.S.C. § 271(b). At least as of the filing and service of this complaint, Cisco has knowledge of the '471 Patent and the infringing nature of the Accused Products through, for example, the '471 Patent claim chart served therewith. Despite this knowledge of the '471 Patent, Cisco continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website and materials cited in Exhibit 2) to use the Accused Products in ways that directly infringe the '471 Patent. For example, Cisco advertises the packet processing capabilities of the exemplary Catalyst 9000 series switches, including but not limited to the Catalyst 9600 series. *See* Ex. 3 (https://www.cisco.com/c/en/us/products/collateral/switches/catalyst-9600-series-switches/nb-06-cat9600-architecture-cte-en.html#Supervisor1andSupervisor2comparison). Further, Cisco

4

provides its users with instructions explaining how to install and configure the exemplary Catalyst 9000 series switches, including but not limited to the Catalyst 9600 series. *See* Ex. 4 ([https://www.cisco.com/c/en/us/td/docs/switches/lan/catalyst9600/hardware/install/b_9600_hig/b_9600_hig_chapter_01.html](https://www.cisco.com/c/en/us/td/docs/switches/lan/catalyst9600/hardware/install/b_9600_hig/b_9600_hig_chapter_01.html)). Cisco provides these instructions, user manuals, and other materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Cisco also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '471 Patent, thereby specifically intending for and inducing its customers to infringe the '471 Patent through the customers' normal and customary use of the Accused Products.

13. Cisco has also infringed, and continues to infringe, one or more claims of the '471 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '471 Patent, are especially made or adapted to infringe the '471 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. At least as of the filing and service of this complaint, Cisco has knowledge of the '471 Patent and the infringing nature of the Accused Products through, for example, the '471 Patent claim chart served therewith. Cisco has been, and currently is, contributorily infringing the '471 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the accused packet processing functionality in the Cisco Catalyst 9600 Series Switches, Cisco Catalyst 9500 Series Switches, Cisco Catalyst 9400 Series Switches, Cisco Catalyst 9300 Series Switches, Cisco Catalyst 9200 Series Switches, Cisco Nexus 9000 Series Switches, Cisco Nexus 7000 Series Switches, Cisco Nexus 3550 Series, Cisco Nexus 3000 Series Switches, Cisco Nexus 2000 Series Fabric Extenders, Cisco Catalyst 1300 Series Switches, Cisco Catalyst 1200 Series Managed Switches, Cisco Catalyst 1000 Series Switches, Catalyst IE9300

Rugged Series Switches, Cisco Catalyst ESS9300 Embedded Series Switch, Cisco Catalyst IE3400 Heavy Duty Series IE Switches, Cisco Catalyst IE3400 Rugged Series, Cisco Catalyst IE3300 Rugged Series, Cisco Catalyst IE3200 Rugged Series, Cisco Catalyst IE3100 Rugged Series, Cisco Embedded Services 3300 Series Switches, Cisco Industrial Ethernet 5000 Series Switches, Cisco Industrial Ethernet 4010 Series Switches, Cisco Industrial Ethernet 4000 Series Switches, Cisco Industrial Ethernet 3010 Series Switches, Cisco Industrial Ethernet 2000 Series Switches, Cisco Industrial Ethernet 2000U Series Switches, and Cisco Industrial Ethernet 1000 Series Switches constitutes a material part of the inventions claimed in the '441 Patent, are especially made or adapted to infringe the '471 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 2.

14. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the '471 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '471 Patent during the relevant time period or were not required to mark during the relevant time period.

15. As a result of Cisco's direct infringement of the '471 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Cisco's infringement, but in no event less than a reasonable royalty for the use made of the invention by Cisco, together with interest and costs as fixed by the Court.

16. As a result of Cisco's indirect infringement of the '471 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Cisco's infringement, but in no event less than a reasonable royalty for the use made of the invention by

Cisco, together with interest and costs as fixed by the Court, accruing as of the time Cisco obtained knowledge of the '471 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a.  A judgment in favor of Plaintiff that Cisco has infringed, either literally and/or under the doctrine of equivalents, the '471 Patent;

b.  A judgment and order requiring Cisco to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for Cisco's infringement of the '471 Patent;

c.  A judgment and order requiring Cisco to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court in equity.

d.  A judgment and order requiring Cisco to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the accused products;

e.  A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Cisco; and

f.  Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: February 13, 2024

Respectfully submitted,

*/s/ Brett E. Cooper*
Brett E. Cooper (NY SBN 4011011)
bcooper@bclgpc.com
Seth Hasenour (TX SBN 24059910)
shasenour@bclgpc.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bclgpc.com
Jonathan Yim (NY SBN 5324967)
jyim@bclgpc.com

**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Phone: 212-951-0100

***Attorneys for Plaintiff Lionra Technologies Limited***