# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LIONRA TECHNOLOGIES LIMITED<br><br>v.<br><br>CISCO SYSTEMS, INC. | CASE NO. 2:24-cv-00097-JRG<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT CISCO SYSTEMS, INC.'S ANSWER AND DEFENSES TO PLAINTIFF LIONRA TECHNOLOGIES LIMITED'S COMPLAINT

Defendant Cisco Systems, Inc. ("Defendant" or "Cisco"), by and through its attorneys, hereby answers the Complaint ("Complaint") filed by Plaintiff Lionra Technologies Limited ("Plaintiff" or "Lionra"), as follows.  Anything in the Complaint that is not expressly admitted is hereby denied.

The headings and subheadings in Cisco's Answer are used solely for purposes of convenience and organization to mirror those appearing in the Complaint; to the extent that any headings or other non-numbered statements in the Complaint contain or imply any allegations, Cisco denies each and every allegation therein.

## ANSWER TO THE COMPLAINT

### Response to "Introduction"

1. Cisco denies that it infringes U.S. Patent No. 7,738,471 ("the '471 patent").  Cisco is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 and on that basis denies all remaining allegations in paragraph 1.

**Response to "Parties"**

2.       Cisco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and on that basis denies each and every allegation.

3.       Cisco admits that its principal place of business is at 170 West Tasman Drive, San Jose, California 95134.  Cisco admits that it is registered to do business in Texas.  Otherwise, Cisco denies the allegations in paragraph 3.

**Response to "Jurisdiction and Venue"**

4.       Cisco admits that the Complaint was filed as a patent infringement action under Title 35 of the United States Code, but denies that there are factual or legal bases for Lionra's claims.  To the extent paragraph 4 alleges legal conclusions, no response is required.  To the extent an answer is required, Cisco denies the allegations in paragraph 4.

5.       Cisco admits that it has a business address at 2250 East President George Bush Turnpike, Richardson, TX 75082.  Cisco denies that it conducts any "acts of infringement" related to the '471 patent.  To the extent paragraph 5 alleges legal conclusions, no response is required.  To the extent an answer is required, Cisco denies all remaining allegations in paragraph 5.

6.       To the extent paragraph 6 alleges legal conclusions, no response is required. To the extent an answer is required, Cisco denies the allegations in paragraph 6.

**Response to "Count 1 – Infringement of U.S. Patent No. 7,738,471"**

7.       Cisco repeats and re-alleges the responses set forth in the preceding paragraphs above as though set forth in length herein.

8.       Cisco admits that Exhibit 1 appears to be a copy of the '471 patent, which appears to be titled "High speed packet processing in a wireless network."  Cisco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 and on that basis denies all remaining allegations.

9. Cisco denies each and every allegation contained in paragraph 9.

10. Cisco denies each and every allegation contained in paragraph 10.

11. Cisco denies each and every allegation contained in paragraph 11.

12. Cisco admits that it has knowledge of the existence of the '471 patent after receiving service of the Complaint. Otherwise, Cisco denies each and every allegation contained in paragraph 12.

13. Cisco admits that it has knowledge of the existence of the '471 patent after receiving service of the Complaint. Otherwise, Cisco denies each and every allegation contained in paragraph 13.

14. Cisco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and on that basis denies each and every allegation.

15. Cisco denies that it infringes the '471 patent, and therefore denies that Lionra is entitled to damages. Cisco is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 and on that basis denies all remaining allegations in paragraph 15.

16. Cisco denies that it infringes the '471 patent, and therefore denies that Lionra is entitled to damages. Cisco is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 and on that basis denies all remaining allegations in paragraph 16.

### Response to "Prayer For Relief"

17. Cisco denies that Plaintiff is entitled to the relief requested in Plaintiff's Prayer for Relief, and to the extent that such prayer contains factual allegations relating to Cisco, such allegations are denied. Plaintiff's prayer for relief should be denied, with prejudice, in its entirety.

**Response to "Demand for Jury Trial"**

18. No response is required to Plaintiff's demand for a trial by jury in this case. Cisco also demands a trial by jury on all issues so triable.

\* \* \*

**AFFIRMATIVE AND OTHER DEFENSES**

19. Further answering the Complaint and as additional defenses thereto, Cisco asserts the following affirmative and other defenses. Cisco does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden. Cisco reserves the right to add additional defenses and/or supplement its defenses, including (but not limited to) those related to the unenforceability of the '471 patent based on inequitable conduct, as Cisco learns additional facts.

**FIRST DEFENSE: FAILURE TO STATE A CLAIM**

20. The Complaint, and one or more claims for relief set forth therein, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE: NON-INFRINGEMENT**

21. Cisco does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '471 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

**THIRD DEFENSE: INVALIDITY AND INELIGIBILITY**

22. Each and every claim of the '471 patent is invalid and/or ineligible for failure to meet the conditions and requirements for patentability set forth, *inter alia*, in 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FOURTH DEFENSE:  PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER**

23. By virtue of statements, amendments made, and/or positions taken during prosecution of the application for the '471 patent and/or related patents or patent applications, whether explicit or implicit, Plaintiff is barred from claiming that the '471 patent covers or includes, either literally or by application of the doctrine of equivalents, any of Cisco's methods, products, systems, services, or processes.  To the extent that Plaintiff's alleged cause of action for infringement of any of the '471 patent is based on the doctrine of equivalents, Plaintiff is barred under the doctrine of prosecution history estoppel and/or other limits to allegations of infringement.

**FIFTH DEFENSE:  FAILURE TO MARK**

24. To the extent Plaintiff has failed to comply with the notice requirements of 35 U.S.C. § 287, Plaintiff is barred from all monetary relief for acts that occurred prior to Plaintiff providing actual notice to Cisco.

**SIXTH DEFENSE:  LIMITATION ON DAMAGES**

25. Pursuant to 35 U.S.C. § 286, Plaintiff is barred from recovering any damages for acts that occurred more than six years before it filed the Complaint in this action.

**SEVENTH DEFENSE:  NO EXCEPTIONAL CASE**

26. Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Cisco under 35 U.S.C. § 285 or otherwise.

**EIGHTH DEFENSE:  NO ENTITLEMENT TO INJUNCTIVE RELIEF**

27. Plaintiff is not entitled to injunctive relief against Cisco, including because any alleged injury to Plaintiff as a result of Cisco's alleged activities is not immediate or irreparable, Plaintiff has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

### NINTH DEFENSE: LICENSE, EXHAUSTION, WAIVER, AND ESTOPPEL

28. Plaintiff's claims are barred, in whole or in part, by license, exhaustion, and/or the doctrines of waiver and/or equitable estoppel.

### TENTH DEFENSE: UNCLEAN HANDS

29. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### ELEVENTH DEFENSE: GOVERNMENT SALES EXEMPTION

30. Pursuant to 28 U.S.C. § 1498, Plaintiff's claims are barred to the extent that Plaintiff accuses products or services that are provided by or for the government of the United States of America.

### PRAYER FOR RELIEF

Cisco respectfully requests that this Court enter judgment in its favor against Plaintiff, and grant the following relief:

A. A judgment dismissing Plaintiff's Complaint against Cisco in its entirety with prejudice;

B. An Order declaring that Plaintiff take nothing on the claims asserted in the Complaint;

C. A Declaration that Cisco has not infringed any valid claim of the '471 patent and is not liable on Count 1;

D. All costs be taxed against Plaintiff;

E. A finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Cisco its reasonable attorneys' fees, expenses, and costs incurred in connection with this action;

F. An award to Cisco for its costs, expenses, disbursements, and attorneys' fees incurred in connection with this action; and

G. Any such other relief in favor of Cisco and against Plaintiff as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR A JURY TRIAL

Cisco demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), as to all issues that may be tried by a jury.

Dated:  April 22, 2024          By   */s/ Brian A. Rosenthal*

Brian A. Rosenthal (lead attorney)
brosenthal@gibsondunn.com
Katherine Dominguez
kdominguez@gibsondunn.com
Sanjay Nevrekar
snevrekar@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Christine Ranney
cranney@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1801 California Street, Suite 4200
Denver, CO  80202-2642
Telephone:  303.298.5700
Facsimile:  303.298.5907

Albert Suarez IV
asuarez@gibsondunn.com
Texas State Bar No. 24113094
Monica Lin
mlin2@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, TX  75201-6912
Telephone:  214.698.3360
Facsimile:  214.571.2907

Melissa R. Smith
melissa@gillamsmithlaw.com
Texas State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX  75670

8

Telephone:  903.934.8450
Facsimile:  903.934.9257

*Attorneys for Defendant Cisco Systems, Inc.*

9

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2024 the foregoing was electronically filed in compliance with Local Rule CV-5(a) and served via the Court's electronic filing system on all counsel who have consented to electronic service.

*/s/ Brian Rosenthal*
Brian Rosenthal
