# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| LIONRA TECHNOLOGIES LTD., | |
| Plaintiff, | Case No.  2:24-cv-00097-JRG |
| v. | **JURY TRIAL DEMANDED** |
| CISCO SYSTEMS, INC., | |
| Defendant. | |

## PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS FOR DEFENDANT CISCO SYSTEMS, INC.

Plaintiff Lionra Technologies Ltd. ("Lionra") hereby makes the following  infringement disclosures under the Patent Local Rules with respect to United States Patent No. 7,738,471 ("the '471 Patent") ( the "Asserted Patent").

Lionra's investigation is ongoing and discovery is in its preliminary stages.  Accordingly, these disclosures are based on information available to Lionra at this time.  Lionra reserves the right to supplement this disclosure after further discovery from Defendant and non-parties, particularly documents and other discovery regarding the Defendant's accused devices.  Lionra also reserves the right to assert additional claims of the Asserted Patent, accuse different products, or find alternative literal and/or equivalent infringing elements in Defendant's products.

### A.    ASSERTED CLAIMS

Defendant Cisco Systems, Inc. ("Cisco" or "Defendant") has infringed and continues to infringe at least the following claims of the Asserted Patent:

- **'471 Patent:**  Claims 1, 2, 3, 5, 8, 9, 10, 13, 14, 15, 17, 20, 21

Lionra reserves the right to seek leave of court to add, delete, substitute, or otherwise amend this list of asserted claims should further discovery, the Court's claim construction, or other circumstances so merit.

## B.    ACCUSED PRODUCTS

The accused products include at least the following, as well as instrumentalities with reasonably similar functionality (collectively, the "Accused Products"):

**'471 Patent:**  Cisco products that include a UADP ASIC, a Silicon One ASIC, or a LSE ASIC, including but not limited to Cisco Catalyst 9600 Series Switches, Cisco Catalyst 9500 Series Switches, Cisco Catalyst 9400 Series Switches, Cisco Catalyst 9300 Series Switches, Cisco Catalyst 9200 Series Switches, Cisco Nexus 9000 Series Switches, Cisco Nexus 7000 Series Switches, Cisco Nexus 3550 Series, Cisco Nexus 3000 Series Switches, Cisco Nexus 2000 Series Fabric Extenders, Cisco Catalyst 1300 Series Switches, Cisco Catalyst 1200 Series Managed Switches, Cisco Catalyst 1000 Series Switches, Catalyst IE9300 Rugged Series Switches, Cisco Catalyst ESS9300 Embedded Series Switch, Cisco Catalyst IE3400 Heavy Duty Series IE Switches, Cisco Catalyst IE3400 Rugged Series, Cisco Catalyst IE3300 Rugged Series, Cisco Catalyst IE3200 Rugged Series, Cisco Catalyst IE3100 Rugged Series, Cisco Embedded Services 3300 Series Switches, Cisco Industrial Ethernet 5000 Series Switches, Cisco Industrial Ethernet 4010 Series Switches, Cisco Industrial Ethernet 4000 Series Switches, Cisco Industrial Ethernet 3010 Series Switches, Cisco Industrial Ethernet 2000 Series Switches, Cisco Industrial Ethernet 2000U Series Switches, Cisco Industrial Ethernet 1000 Series Switches, Cisco 8000 Series routers, Cisco 8100 Series routers, Cisco 8200 Series routers, Cisco 8800 Series routers, Cisco 8500 Series, ASR 9000 Series, ASR 1000 Series, Network Convergence System 6000

Cisco is accused of making, using, selling, offering for sale and/or importing the above Accused Products.  Cisco is also accused of infringing the asserted claims listed above under at least 35 U.S.C. § 271(a), (b), (c), and/or (f).  For example, Cisco has and continues to (i) directly infringe the asserted claims by making, using, selling, offering for sale, and/or importing the Accused Products, (ii) induce users of the Accused Products to directly infringe the asserted claims, and/or (iii) contribute to the direct infringement of the Accused Products by users.

Lionra reserves the right to amend this list of accused instrumentalities, as well as other information contained in this document and the exhibit hereto, to incorporate new information

learned during the course of discovery, including, but not limited to, the inclusion of newly released products, versions, or any other equivalent devices ascertained through discovery. Further, to the extent any Accused Products have gone through or will go through name changes, but were or will be used or sold with the same accused features, earlier corresponding products under different names also are accused.

## C.     CLAIM CHART AND DIRECT INFRINGEMENT

A claim chart identifying a location of every element of every asserted claim of the Asserted Patent within Accused Products is attached hereto as Exhibit A.  Lionra reserves the right to amend this claim chart, as well as other information contained in this document and the exhibit hereto, to incorporate new information learned during the course of discovery, including but not limited to information that is not publicly available or readily discernible without discovery.  Lionra further reserves the right to amend this claim chart, as well as other information contained in this document and the exhibit attached hereto.  In an effort to focus the issues, Lionra identifies exemplary evidence for each claim limitation.  The evidence cited for a particular limitation should be considered in light of the additional evidence cited for the other claim limitations.  Lionra reserves the right to rely on evidence cited for any particular limitation of an asserted claim for any other limitation asserted for that claim.

For the avoidance of any doubt, Lionra's infringement contentions served herein provide sufficient disclosure under the Patent Local Rules.  Lionra is not relying on section 3(a)(i) of the Model Discovery Order in order to satisfy disclosure obligations with respect to infringement contentions.

Cisco makes, has made, uses, has used, imports, has imported, offers to sell, has offered to sell, sells and/or has sold the accused products and has directly infringed and continues to directly

infringe each of the asserted claims as specified in Exhibit A.  With respect to the asserted method claims, as further specified in Exhibit A, the claimed method is performed by Cisco when the functionality is activated as part of Cisco services related to the Accused Products, as part of design and development activities, testing, and/or are otherwise operated by Cisco including for, or on behalf of, users.  Cisco directly infringes the asserted method claims because it performs each limitation of the claimed method.  When Cisco or its customers and/or users turn on and use the Accused Products in the U.S., or when the Accused Products are tested in the U.S., the claimed methods are performed in the U.S. and thus directly infringed under 35 U.S.C. 271(a).  Cisco designs the Accused Products such that users will naturally use them in a way that infringes the asserted claims.  Cisco directly infringes and practices the asserted method claims by controlling the operations of the functionality on the accused products and directs and controls the functionality in a manner that is directly liable for practicing the asserted methods.  Further, with respect to induced infringement, Cisco designs the Accused Products such that users will naturally use them in a way that infringes the asserted claims.  Finally, as to contributory infringement, Cisco designs the Accused Products as components that users will utilize as a material part of the inventions claimed by the Asserted Patent.

Cisco also is a direct infringer under 35 U.S.C. §271(a) of the asserted method and apparatus claims because Cisco controls and/or directs third parties, including Cisco's customers and authorized retailers and servicers, to use the methods and apparatuses, for example via the pre-installed functionality, Cisco's remote services, and all other Cisco applications and software that run on the Accused Products.  Cisco conditions use and receipt of the benefit of the claimed methods and apparatuses on use of the accused products in an infringing manner, and Cisco

establishes the manner and/or timing of doing so, by way of the foregoing conduct, thus further establishing Cisco as a direct infringer under 35 U.S.C. §271(a).

To the extent it is argued that an entity other than Cisco performs or satisfies one or more limitations of an asserted claim(s), Lionra asserts that Cisco is also liable for direct infringement because it exercises direction and control (*e.g.*, through an agent, contractual relationship, the conditioning of participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishment of the manner or timing of that performance, a joint enterprise, etc.) over the performance of the claimed limitations.

## D. LITERAL INFRINGEMENT AND DOCTRINE OF EQUIVALENTS

Lionra asserts that, under the proper construction of the asserted claims and their claim terms, the limitations of the asserted claims of the Asserted Patent are literally present in the Accused Products or acts accused of infringing the claim, as set forth in the claim chart attached hereto as Exhibit A.  Lionra also contends that any and all elements found not to be literally infringed are infringed under the doctrine of equivalents because the differences between the claimed inventions and the Accused Products, if any, are insubstantial.

Lionra's contention is that each limitation is literally met, and necessarily also would be met under the doctrine of equivalents because there are no substantial differences at all between the Accused Products and the claims, in function, way, or result.  As such, Lionra's current description of the function, way, and result for each limitation would be the same as the claim language itself.   If Cisco attempts to argue that there is no infringement literally and also no infringement under doctrine of equivalents and attempts to draw any distinction between the claimed functionality and the functionality in the Accused Products, then Lionra reserves its right

to rebut the alleged distinction as a matter of literal infringement and/or as to whether any such distinction is substantial under the doctrine of equivalents.

Lionra also contends that Cisco has directly infringed and continues to directly infringe the asserted claims by making, using, offering for sale, selling, and importing in to the United States the Accused Products as well as has indirectly infringed and continues to indirectly infringe by contributing to and/or inducing others (*e.g.*, Cisco's customers, or Cisco's customers' customers) to directly infringe those claims by making, using, offering for sale or selling the Accused Products.

Lionra reserves the right to amend its Infringement Contentions as to literal infringement or infringement under the doctrine of equivalents in light of new information learned during the course of discovery and the Court's claim construction.

## E.     INDIRECT INFRINGEMENT

Cisco has induced and/or contributed to infringement, and will continue to induce and/or contribute to infringement, of the asserted claims of the Asserted Patent for at least the following reasons. Cisco has had knowledge of the Asserted Patent at least as of February 13, 2024, when the complaint in the above-captioned action was filed. Despite this knowledge of the Asserted Patent, Cisco continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in the Complaint) to use the Accused Products in ways that directly infringe the Asserted Patent. For example, Cisco instructs its customers and end users on how to install and use the Accused Products in an infringing manner. Cisco also instructs, promotes, and encourages features of the Accused Products that infringe the Asserted Patent, such as through the use of the accused features. Cisco engages in many activities that encourage its customers to infringe the Accused Products,

including (i) advertising and promotion efforts for the products; (ii) the publication of demonstrational videos concerning the products; (iii) the publication of data sheets that purport to describe alleged benefits customers will derive from embracing the products; (iv) the publication of promotional papers that purport to describe the alleged virtues of the products; (v) the publication both directly and indirectly through the training site, including through the website of tutorial, demonstration, and best practices instructional videos concerning the products; and (vi) the provision of user forums, blogs, and product documentation. Through at least these activities, Cisco specifically intends that its customers directly infringe the Asserted Patent.

Cisco has contributorily infringed, and will continue to contributorily infringe the asserted claims of the Asserted Patent for at least the following reasons. Cisco sells, offers for sale, and/or imports into the United States relevant hardware and/or software components comprising the Accused Products, constituting materials parts of the inventions of the asserted claims, thus contributing to infringement under 35 U.S.C. § 271(c), (f). These components are known by Cisco to be especially made or especially adapted for use in infringement of the asserted claims, and are not a staple article or commodity of commerce suitable for substantial noninfringing uses. Cisco has knowledge of the asserted claims at least as of the filing of the complaint. Cisco provides to its customers (direct infringers) these components. Cisco is thus liable for infringement of the asserted claims directly and indirectly including for inducement and contributory infringement. *See* 35 U.S.C. §§271(a)-(c), (f).

Lionra further incorporates by reference its Complaint and any amendments thereto.

## F.    PRIORITY DATES

The Asserted Patent is entitled to at least the following priority date:

- **'471 Patent:**  U.S. Patent No. 7,738,471 was filed as U.S. Patent Application No. 11/855,714 on September 14, 2007.  Each asserted claim of the '471 Patent is entitled to at least a priority date of September 14, 2007.

## G.    PRACTICING PRODUCTS

Lionra does not currently contend that any of its own apparatuses, products, or devices practices any of the asserted claims, but reserves the right to modify or amend its response as discovery progresses.

## H.    LIONRA DOCUMENT PRODUCTION

Lionra is producing or making available for inspection documents that are in Lionra's possession, custody or control as set forth in Patent Local Rule 3-2.  A Production Index identifying these documents is below.

This preliminary identification of documents is for convenience and is not an admission that each document falls within any exemplary categories in the Patent Local Rules, or that any document qualifies as prior art.  Lionra reserves its right to add to, delete from, or otherwise modify its disclosures in this section as its investigation proceeds.

## LIONRA PRODUCTION INDEX

**P.R. 3-2(a):**

| Bates Begin | Bates End |
|---|---|
| N/A | |

**P.R. 3-2(b):**

| Bates Begin | Bates End |
|---|---|
| N/A | |

**P.R. 3-2(c):**

| Bates Begin | Bates End |
|---|---|
| LIONRA-EDTX3-00000195 | LIONRA-EDTX3-00000329 |

Dated:  May 15, 2024                         Respectfully submitted,

                                             */s/ Brett E. Cooper*
                                             Brett E. Cooper (NY SBN 4011011)
                                             bcooper@bclgpc.com
                                             Seth Hasenour (TX SBN 24059910)
                                             shasenour@bclgpc.com
                                             Jonathan Yim (TX SBN 24066317)
                                             jyim@bclgpc.com
                                             Drew B. Hollander (NY SBN 5378096)
                                             dhollander@bclgpc.com

                                             **BC LAW GROUP, P.C.**
                                             200 Madison Avenue, 24th Floor
                                             New York, NY 10016
                                             Phone: (212) 951-0100

                                             ***Attorneys for Plaintiff Lionra Technologies Ltd.***

## CERTIFICATE OF SERVICE

I certify that this document is being served upon counsel of record for Defendant on May 15, 2024 via electronic mail.

                                             */s/ Drew B. Hollander*
                                             Drew B. Hollander

9