**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

LIONRA TECHNOLOGIES LTD.,

v.

CISCO SYSTEMS, INC.,

Case No.  2:24-cv-00097-JRG-RSP

**JURY TRIAL DEMANDED**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION TO STAY PENDING RESOLUTION OF *INTER PARTES* REVIEW**

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................... 1

II.   FACTUAL BACKGROUND ......................................................................................... 1

III.  LEGAL STANDARD ..................................................................................................... 2

IV.   ARGUMENT ................................................................................................................... 2

    A.    A Stay Will Unduly Prejudice Lionra ................................................................ 2

    B.    The Advanced Stage Of The Case Weighs Against A Stay ............................... 6

    C.    It Is Speculative Whether A Stay Will Simplify The Issues .............................. 8

V.    CONCLUSION .............................................................................................................. 10

# TABLE OF AUTHORITIES

## Cases

*AGIS Software Dev. LLC v. Google LLC*,
No. 2:19-cv-361, 2021 WL 465424 (E.D. Tex. Feb. 9, 2021) .................................................. 10

*Allure Energy, Inc. v. Nest Labs, Inc.*,
No. 9-13-CV-102, 2015 WL 11110606 (E.D. Tex. Apr. 2, 2015) ........................................ 3, 5

*Chrimar Sys., Inc. v. Adtran, Inc.*,
No. 6:15-CV-618-JRG-JDL, 2016 WL 4080802 (E.D. Tex. Aug. 1, 2016) ............................ 6

*Cisco Systems, Inc. v. Lionra Technologies, Ltd.*,
IPR2024-01281, Paper 6 (PTAB March 13, 2025) .................................................................... 9

*Clear Imaging Rsch., LLC v. Samsung Elecs. Co.*,
No. 2:19-CV-00326-JRG, 2020 WL 13886381 (E.D. Tex. Dec. 21, 2020) ......................... 5, 8

*Clinton v. Jones*,
520 U.S. 681 (1997) .................................................................................................................... 2

*Commc'n Techs., Inc. v. Samsung Elecs. Am., Inc.*,
No. 2:21-CV-00444-JRG, 2023 WL 1478447 (E.D. Tex. Feb. 2, 2023) ................................ 10

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019) ................. 10

*Force Mos Tech., Co. v. ASUSTek Computer, Inc.*,
No. 2:22-CV-00460-JRG, 2024 WL 1586266 (E.D. Tex. Apr. 11, 2024) ................................ 6

*General Access Solutions, Ltd. v. Cellco Partnership D/B/A Verizon Wireless, et al.*,
No. 2:22-cv-00394-JRG, Dkt. No. 225 (E.D. Tex. May 22, 2024) ........................................... 3

*Headwater Research LLC v. Samsung Elecs. Co., Ltd.*,
No. 2:23-cv-00103-JRG-RSP, 2024 WL 5080240 (E.D. Tex. Dec. 11, 2024) ........................ 6

*Intell. Ventures II LLC v. Sprint Spectrum, L.P.*,
No. 2:17-CV-00662-JRG-RSP, 2018 WL 11363368 (E.D. Tex. Nov. 19, 2018) ................. 8, 9

*Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*,
No. 2:21-CV-00113-JRG, 2022 WL 17484264 (E.D. Tex. July 7, 2022) ................................. 5

*Longhorn HD LLC v. NetScout Sys., Inc.*,
No. 2:20-CV-00349-JRG, 2022 WL 71652 (E.D. Tex. Jan. 6, 2022) ................................. 7, 10

*Maxell Ltd. v. Apple Inc.*,
    No. 5:19-CV-00036-RWS, 2020 WL 10456915 (E.D. Tex. Apr. 27, 2020) ......................... 6, 9

*MyPort, Inc. v. Samsung Elecs. Co., Ltd.*,
    No. 2:22-cv-00114-JRG, Dkt. No. 73 (E.D. Tex. June 12, 2023) ............................... 3, 4, 7, 10

*Peloton Interactive, Inc. v. Flywheel Sports, Inc.*,
    No. 2:18-CV-00390-RWS-RSP, 2019 WL 3826051 (E.D. Tex. Aug. 14, 2019) ................. 4, 8

*Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*,
    No. 2:19-CV-00225-JRG, 2021 WL 121154 (E.D. Tex. Jan. 13, 2021) ................................... 7

*Realtime Data LLC v. Actian Corp.*,
    No. 6:15-CV-463-RWS-JDL, 2016 WL 9340796 (E.D. Tex. Nov. 29, 2016) ...................... 3, 8

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
    No. 2:13-cv-213-JRG-RSP, 2015 WL 627887 (E.D. Tex. Jan. 29, 2015) ............................... 6

*Saint Lawrence Commc'ns LLC v. ZTE Corp.*,
    No. 2:15-CV-349-JRG, 2017 WL 3396399 (E.D. Tex. Jan. 17, 2017) ............................... 5, 10

*Scorpcast, LLC v. Boutique Media Pty Ltd.*,
    No. 2:20-CV-00193-JRG-RSP, 2020 WL 7631162 (E.D. Tex. Dec. 22, 2020) ......................... 9

*Solas OLED Ltd. v. Samsung Display Co.*,
    No. 2:19-CV-00152-JRG, 2020 WL 4040716 (E.D. Tex. July 17, 2020) ............................. 3, 8

*Staton Techiya, LLC v. Samsung Elecs. Co.*,
    No. 2:21-CV-00413-JRG-RSP, 2022 WL 4084421 (E.D. Tex. Sept. 6, 2022) ......................... 2

*Trover Grp., Inc. v. Dedicated Micros USA*,
    No. 2:13-CV-1047-WCB, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015) ................................. 3

*Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*,
    No. 6:12-CV-221-LED-JDL, 2014 WL 4494479 (E.D. Tex. Jan. 14, 2014) ............................ 3

## I.       INTRODUCTION

Defendant Cisco Systems, Inc.'s ("Cisco") request to stay this case indefinitely "pending resolution of *inter partes* review" should be denied.  *See* Dkt. No. 37 ("Mot." or "Motion").  The requested multi-year stay would prejudice Plaintiff Lionra Technologies Ltd.'s ("Lionra") ability to timely enforce and seek adjudication of its patent rights at the already-scheduled jury trial on October 5, 2025—just *seven* months away.  There has already been substantial progress in this case and the PTAB's Final Written Decision on Cisco's IPR is not due until March 13, 2026, which is over *six* months after the jury trial is set to take place.  And that does not account for the time it will take to resolve any appeals from the IPR that may be filed.  To that end, justice dictates that the case proceed according to the Docket Control Order, which resolves Lionra's claims of infringement well before the IPR proceedings will conclude through appeal.

As to simplification—the "most important factor"—Cisco does little to show a stay will actually simplify the issues in the case.  In particular, Cisco relies on the mere fact that IPR has been instituted on all claims.  But institution alone does not mean that there will be simplification, especially when Cisco has other invalidity defenses (such as Section 101 and 112 defenses) that will not be resolved by the PTAB.

Accordingly, Cisco's Motion should be denied.

## II.      FACTUAL BACKGROUND

On February 13, 2024, Lionra initiated an action against Cisco alleging certain Cisco products infringe U.S. Patent Nos. 7,738,471 ("the '471 Patent").  On May 15, 2024, Lionra served its preliminary infringement contentions and on June 14, 2024, Lionra served its supplemental infringement contentions.  Hollander Decl. ¶ 2.  On July 10, 2024, Cisco served its invalidity contentions.  Hollander Decl. ¶ 3.  The parties collectively have exchanged over 3,000 documents

totaling upwards of 2.7 million pages.  Hollander Decl. ¶ 4.  Further, Lionra has conducted extensive source code review and the parties negotiated and the Court entered a representative products stipulation on March 28, 2025.  Dkt. No. 44 (Order); Dkt. No. 43-01 (Representative Products Stipulation).  A claim construction hearing is scheduled for April 16, 2025 and trial is set to begin on October 6, 2025.  Dkt. No. 22 at 2-3.

On August 26, 2024, Cisco filed an IPR petition for the '471 Patent.  The PTAB issued its decision to institute Cisco's '471 Patent IPR on March 13, 2025.  Hollander Decl. ¶ 5.  The Final Written Decisions on Cisco's IPR is not expected until March 13, 2026.  *Id.*

## III.    LEGAL STANDARD

"District courts typically consider three factors when deciding whether to stay litigation pending IPR of the asserted patent(s): (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation."  *Staton Techiya, LLC v. Samsung Elecs. Co.*, No. 2:21-CV-00413-JRG-RSP, 2022 WL 4084421, at *1 (E.D. Tex. Sept. 6, 2022) (citation omitted).  "The proponent of a stay bears the burden of establishing its need."  *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## IV.    ARGUMENT

### A.    A Stay Will Unduly Prejudice Lionra[1]

Granting Cisco's requested stay pending "resolution of the IPR" would unduly prejudice Lionra.  The PTAB will not issue its Final Written Decisions until March 13, 2026—more than

---

[1] While Cisco presents its arguments in a different order, Lionra follows the order of the stay factors presented in this Court's recent cases, such as *Staton Techiya* (cited above).

*five months after* the already-scheduled jury trial that is set to begin on October 6, 2025.  Under these circumstances, granting an indefinite stay of these proceedings would unduly prejudice Lionra's "timely enforcement of [its] patent rights." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015); *see also General Access Solutions, Ltd. v. Cellco Partnership D/B/A Verizon Wireless, et al.*, No. 2:22-cv-00394-JRG, Dkt. No. 225 at 3 (E.D. Tex. May 22, 2024) ("Granting a stay in this case could delay resolution by more than two years, as the PTAB decision is not due until over six months after jury trial is set to begin.  Such a delay would prejudice Plaintiff's ability to vindicate its patents rights."); *MyPort, Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:22-cv-00114-JRG, Dkt. No. 73 at 2-3 (E.D. Tex. June 12, 2023) ("As this Court has recognized, a plaintiff has a right to timely enforcement of its patent rights… MyPort would be prejudiced by a delay in its ability to vindicate its patent rights caused by a stay, which weighs against granting this Motion."); *Solas OLED Ltd. v. Samsung Display Co.*, No. 2:19-CV-00152-JRG, 2020 WL 4040716, at *2 (E.D. Tex. July 17, 2020) (finding prejudice where "discovery is completed and trial is only a few months away."); *Realtime Data LLC v. Actian Corp.*, No. 6:15-CV-463-RWS-JDL, 2016 WL 9340796, at *3 (E.D. Tex. Nov. 29, 2016) ("Staying this litigation in order to wait for an IPR decision that is not due until months *after* trial has already taken place would prejudice Plaintiff.") (emphasis in original).

In addition, "if [Cisco] is dissatisfied with the PTAB's decision regarding the IPR, it may then appeal the decision to the Federal Circuit, potentially delaying the case even longer." *Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*, No. 6:12-CV-221-LED-JDL, 2014 WL 4494479, at *2 (E.D. Tex. Jan. 14, 2014); *see also Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 WL 11110606, at *1 (E.D. Tex. Apr. 2, 2015) ("[a]fter the IPR decision[s] issue[], the possibility of appeal further prolongs the final resolution of this matter.").  Indeed,

given that the Final Written Decision is not expected until March 2026, and then is subject to further appeals, resolution of Lionra's patent infringement claims may not be resolved for several years.  Because Lionra's patent rights will be more timely addressed in this Court at the October 2025 jury trial, Lionra will suffer undue prejudice by a stay of this proceeding.  *See MyPort*, No. 2:22-cv-00114-JRG, Dkt. No. 73 at 4 (finding prejudice to patentee and stating that "[g]ranting a stay in this case could delay the case by nearly two years, as the PTAB decision is not due until over two months after jury trial is set to begin."); *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 2:18-CV-00390-RWS-RSP, 2019 WL 3826051, at *4 (E.D. Tex. Aug. 14, 2019) ("a final determination for the '315 Patent likely would not be made until eight months after the currently scheduled jury selection date, and this fact suggests that the prejudice factor should weigh against a stay.").

Further, Lionra has already incurred significant expense in this case.  For example, the parties have already conducted substantial fact discovery producing over 3,000 documents in this case totaling over 2.7 million pages.  Hollander Decl. ¶ 4.  In addition, the parties have conducted extensive source code review as evidenced by the fact that the parties were able to negotiate and enter into a representative products stipulation.  *See* Dkt. No. 43-01 at 2 ("given the overlap of source code relating to the accused products and to ease the expert discovery burdens and streamline the trial… Lionra and Cisco stipulate that the source code produced in the Source Code Directory and technical documents identified by Bates number in the table below are representative for only the technical information they disclose concerning the structure, function, and operation for each respective Represented Product.").  Moreover, the parties have completed claim construction briefing with the *Markman* hearing on the horizon in a few short weeks.  Accordingly, Lionra has already incurred significant expenses and effort, which may need to be duplicated in

the event the case is stayed.  *See Clear Imaging Rsch., LLC v. Samsung Elecs. Co.*, No. 2:19-CV-00326-JRG, 2020 WL 13886381, at *2 (E.D. Tex. Dec. 21, 2020) ("both parties have already expended significant time and resources into discovery, claim construction, and motion practice over the nearly fifteen months this case has been pending. Any further delay would require the parties to sink additional resources into the case, all the while postponing Clear Imaging's vindication of its patent rights.").

In addition, a stay "tactically disadvantages Plaintiff, as the longer this matter persists, the more likely it is that evidence and witnesses' memories will disappear or deteriorate." *Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 WL 11110606, at *1 (E.D. Tex. Apr. 2, 2015).  The fact discovery deadline is set for May 9, 2025—a little over a month from now—and the parties will be noticing and taking fact depositions in the coming weeks, including depositions of Cisco employees.  Dkt. No. 22.  A stay at this juncture will cause significant uncertainty over whether those relevant Cisco witnesses will be available at some unknown time in the future.

Cisco is wrong that a stay of proceedings is not prejudicial because Lionra seeks only monetary damages in this action.  Mot. at 5.  "[T]his Court has repeatedly found that a delay in recovering monetary damages is 'far from non-prejudicial' and is entitled to weight under this factor."  *Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, No. 2:21-CV-00113-JRG, 2022 WL 17484264, at *2 (E.D. Tex. July 7, 2022).  Cisco is also wrong that "the fact that Lionra did not move for a preliminary injunction contradicts any assertion by Lionra that it cannot wait for a decision on infringement."  Mot. at 5-6.  As this Court has found, "the failure to seek an injunction does not amount to an admission by plaintiff that it will not be prejudiced by a stay." *Saint Lawrence Commc'ns LLC v. ZTE Corp.*, No. 2:15-CV-349-JRG, 2017 WL 3396399, at *2 (E.D. Tex. Jan. 17, 2017).

Moreover, Cisco is incorrect that there is no prejudice because Lionra "makes no products" and because Cisco and Lionra "do[] not compete." Mot. at 5. "The fact that [Lionra] does not sell products that compete with [Cisco] would not preclude [Lionra] from experiencing prejudice if the Court granted Defendant['s] motion to stay." *Chrimar Sys., Inc. v. Adtran, Inc.*, No. 6:15-CV-618-JRG-JDL, 2016 WL 4080802, at *2 (E.D. Tex. Aug. 1, 2016); *see also Force Mos Tech., Co. v. ASUSTek Computer, Inc.*, No. 2:22-CV-00460-JRG, 2024 WL 1586266, at *2 (E.D. Tex. Apr. 11, 2024) (the Court noting that it is "not persuaded by [the] argument that because [Plaintiff] is not a competitor of [Defendant], a delay to this litigation will result in no prejudice to [Plaintiff]."); *Maxell Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2020 WL 10456915, at *2 (E.D. Tex. Apr. 27, 2020) ("The mere fact that [Maxell] is not currently practicing the patents does not mean that, as a matter of law, it is not prejudiced by a substantial delay of an imminent trial date."); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-cv-213-JRG-RSP, 2015 WL 627887, at *2 (E.D. Tex. Jan. 29, 2015) ("[t]he mere fact that [patentee] is not currently practicing the patents does not mean that, as a matter of law, it is not prejudiced by a substantial delay of an imminent trial date."). Indeed, "[a]ll parties have an interest in the timely vindication of their patent rights, regardless of their practicing status." *Headwater Research LLC v. Samsung Elecs. Co., Ltd.*, No. 2:23-cv-00103-JRG-RSP, 2024 WL 5080240 at *2 (E.D. Tex. Dec. 11, 2024).

Accordingly, this factor weighs against granting a stay.

### B.    The Advanced Stage Of The Case Weighs Against A Stay

The advanced stage of this case weighs against a stay. This case was filed on February 13, 2024—over a year ago. Since then, the parties have exchanged infringement and invalidity contentions, engaged in significant fact discovery producing over 3,000 documents totaling over 2.7 million pages, performed extensive source code review, and nearly completed claim

construction briefing.  Indeed, Lionra's extensive source code review has culminated in the parties negotiating and the Court entering, a representative products stipulation based on the source code that Lionra has reviewed to date.  *See* Dkt. No. 43-01 (Representative Products Stipulation); Dkt. No. 44 (Order).  Furthermore, claim construction briefing is complete and the *Markman* hearing is less than a month away.  Perhaps most important, trial is set to begin in less than seven months and the parties are beginning trial preparations, including starting expert reports.  These are significant investments in the case and a substantial amount of litigation costs have already been incurred.  In light of these investments and the advanced stage of the case, a stay would not be in the interests of justice.[2]  *See, e.g.*, *MyPort*, No. 2:22-cv-00114-JRG, Dkt. No. 73 at 4-5 ("This case has been pending for over a year and is set for jury selection on February 5, 2024… [d]iscovery is well underway.  The parties have exchanged thousands of documents… and numerous source code inspections have taken place… The Markman hearing is set for August 15, 2023, and the claim construction process is underway. [ ] As noted above, the deadline for the PTAB's final written decision is… over two and a half months after trial is set to begin in this case. [ ] Given the substantial amount of work and financial resources already poured into this case, this factor does not favor a stay."); *Longhorn HD LLC v. NetScout Sys., Inc.*, No. 2:20-CV-00349-JRG, 2022 WL 71652, at *4 (E.D. Tex. Jan. 6, 2022) ("At the time NetScout filed its Motion, fact discovery had closed, expert discovery was nearly complete, pre-trial briefing was imminent, and a date for jury selection had been set….  Accordingly, the Court finds this factor does not favor a stay."); *Clear*

---

[2] Cisco's reliance on *Ramot at Tel Aviv* is unpersuasive because the analysis concerned a re-examination proceeding.  Mot. at 4.  The Court found that the stage of the litigation was outweighed by the likelihood of simplification because "[w]hen claims are rejected in an *ex parte* reexamination proceeding, the patent owner can narrow, cancel, or submit new claims"—which is different from the potential outcomes in IPR proceedings.  *See Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*, No. 2:19-CV-00225-JRG, 2021 WL 121154, at *2 (E.D. Tex. Jan. 13, 2021).

*Imaging Rsch.*, 2020 WL 13886381, at *2 ("This case has been pending for over a year and is set for jury selection on April 5, 2021, less than four months away…. Thus, at this stage, a stay would do nothing more than draw out the time to trial."); *Solas OLED Ltd.*, 2020 WL 4040716, at *2 ("due to the extremely advanced stage of this case, the Court finds that this factor weighs against granting a stay."); *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-CV-00662-JRG-RSP, 2018 WL 11363368, at *2 (E.D. Tex. Nov. 19, 2018) ("With less than a month remaining for fact discovery, the parties have already invested a substantial amount of time and money in preparing this case for trial."); *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961-RWS-JDL, 2017 WL 3149142, at *2 (E.D. Tex. July 25, 2017) ("The discovery deadline is rapidly approaching and the dispositive motion deadline is a little over two months away.").

Given the resources that the parties have already invested in this case, this factor weighs against granting a stay.

### C.    It Is Speculative Whether A Stay Will Simplify The Issues

Despite relying on it as "the most important factor," Cisco does little to show that a stay will simplify the issues in the case—other than cite the fact that its petitions are instituted on all asserted claims.  This Court has recognized that institution on all claims does not necessarily mean the issues in this case will be simplified.  Indeed, "the Supreme Court's decision in *SAS* alters the Motion to Stay analysis and makes institution decisions less indicative that all claims will be found unpatentable."  *Peloton Interactive*, 2019 WL 3826051, at *2.  "When the PTAB decides to institute review after *SAS*, it must institute review for all challenged claims even if the PTAB concludes at the petition stage that the petitioner did not show a reasonable likelihood that it would prevail for some challenged claims."  *Id.*  Because "the PTAB can no longer partially institute IPR proceedings, institution decisions are not as useful as they were in the past for providing an

indication of whether all claims would be found unpatentable." *Id.* Thus, the mere fact that that the PTAB has instituted Cisco's IPR does not mean that the PTAB is likely to invalidate all (or even any) of the asserted claims leading to simplification.[3]

After *SAS*, this Court has explained that "to meet its burden, Defendants must address whether the Board is likely to invalidate every asserted claim—a showing that requires more than just pointing to a successful petition." *Scorpcast*, 2020 WL 7631162, at *3. Cisco makes no effort to make this showing. Rather, Cisco merely postulates that "[c]ancellation of all the asserted claims would completely resolve the case, and cancellation of some asserted claims would reduce the number of claims and issues remaining…." Mot. at 3. But the potential for simplification in that way is present in any case where there is a co-pending IPR proceeding. Cisco has not made any showing that all asserted claims of the '471 Patent at issue *in this case* are likely to be invalidated. *See Intell. Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2017 WL 4812434, at *1 (E.D. Tex. Oct. 24, 2017) ("Predictions and future projections of these types do not move the Court."); *Maxell Ltd.*, 2020 WL 10458088, at *3 ("Apple's contention that the PTAB is 'likely' to cancel 'at least eight of the 20 elected claims' is based on assumptions and statistics that the Court is reluctant to rely upon.").

Further, "[t]he scope of the IPR proceedings for the instituted patents does not cover the entirety of [Cisco]'s invalidity theories in this case." *Maxell Ltd.*, 2020 WL 10458088, at *3. For example, Cisco is pursuing both Section 101 and Section 112 defenses in this case which are not addressed in the pending IPR. Hollander Decl. ¶ 6. Accordingly, Cisco's "invalidity theories far

---

[3] Notably, in its institution decision, the PTAB only determined that Petitioner established a reasonable likelihood of success as to whether claim 13 would have been obvious. The PTAB did not review the remaining claims or grounds. *See Cisco Systems, Inc. v. Lionra Technologies, Ltd.*, IPR2024-01281, Paper 6 at 11-12 (P.T.A.B. March 13, 2025). Accordingly, the PTAB's institution decision alone does not show that a stay will simplify the issues in this case.

exceed the limited scope of the pending IPR." *Saint Lawrence Commc'ns*, 2017 WL 3396399, at *2; *MyPort*, No. 2:22-cv-00114-JRG, Dkt. No. 73 at 5-6 ("The Court is reluctant to grant a stay, thereby delaying timely enforcement of MyPort's patent rights for months (and possibly years), where the PTAB has not found that Samsung is likely to succeed on most, if not all, of the asserted claims. **This is especially true where Samsung has raised multiple invalidity theories that will not go before the PTAB, and where a resulting stay here would leave in limbo these invalidity theories which will not go before the Board**.") (emphasis added).  Efficiency dictates that all of Cisco's defenses be handled together, in this single action, rather than a piecemeal resolution between multiple proceedings.

Cisco's cited authority is unpersuasive. *See* Mot. at 3-4.  For example, this Court explained that the *AGIS Software* case was "decided during the early stages of an unprecedented global pandemic when the Court had suspended all jury trials and other in-person proceedings. Those facts are not present here." *Longhorn HD*, 2022 WL 71652, at *3 (discussing *AGIS Software Dev. LLC v. Google LLC*, No. 2:19-cv-361, 2021 WL 465424 (E.D. Tex. Feb. 9, 2021).  Further, in the *CyWee* case, the plaintiff "consented to stays in five of the other six cases that are concurrently pending." *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *1 (E.D. Tex. Feb. 14, 2019).  Finally, the proceedings in *Commc'n Techs.* are readily distinguishable because in that case, the PTAB instituted review on all claims based on multiple grounds. *Commc'n Techs., Inc. v. Samsung Elecs. Am., Inc.*, No. 2:21-CV-00444-JRG, 2023 WL 1478447, at *5 (E.D. Tex. Feb. 2, 2023).

This factor weighs against granting a stay in this case.

## V.    CONCLUSION

For the foregoing reasons, the Court should deny Cisco's Motion.

Dated: April 1, 2025

Respectfully submitted,

*/s/ Brett E. Cooper*

Brett E. Cooper (NY SBN 4011011)
bcooper@bclgpc.com
Seth Hasenour (TX SBN 24059910)
shasenour@bclgpc.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bclgpc.com
Jonathan Yim (NY SBN 5324967)
jyim@bclgpc.com
BC LAW GROUP, P.C.
200 Madison Avenue, 24h Floor
New York, NY 10016
Telephone: (212) 951-0100

***Attorneys for Plaintiff Lionra Technologies
Limited***


## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was filed via the Court's

CM/ECF system on April 1, 2025, which will send a notification of such filing to all counsel of

record.

*/s/ Brett E. Cooper*
Brett E. Cooper

11