IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LIONRA TECHNOLOGIES LTD.<br><br>v.<br><br>CISCO SYSTEMS, INC. | Case No. 2:24-cv-00097-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT CISCO SYSTEMS, INC.'S REPLY IN SUPPORT OF MOTION TO STAY PENDING RESOLUTION OF *INTER PARTES* REVIEW FOR ALL ASSERTED CLAIMS**

**TABLE OF CONTENTS**

**Page**

I.   ARGUMENT ................................................................................................................... 1

     A.   A Stay Is Likely to Simplify the Issues in the Case .................................................1

     B.   The Most Resource-Intensive Stages of the Case Are Yet to Come. ......................3

     C.   Lionra Will Not Suffer Undue Prejudice from a Stay. ............................................5

II.   CONCLUSION ............................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*AGIS Software Dev. LLC v. Google LLC*,
   No. 2:19-CV-00359-JRG, 2021 WL 465424 (E.D. Tex. Feb. 9, 2021) ...................................2

*Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co., Ltd.*,
   No. 6:14-cv-759, 2015 WL 11143485 (E.D. Tex. Dec. 16, 2015) .............................................5

*Commc'n Techs., Inc. v. Samsung Elecs. Am., Inc.*,
   No. 2:21-CV-00444-JRG, 2023 WL 1478447 (E.D. Tex. Feb. 2, 2023) ...................................3

*Image Processing Techs., LLC v. Samsung Elecs. Co.*,
   No. 2:16-cv-505-JRG, 2017 WL 7051628 (E.D. Tex. Oct. 25, 2017) .......................................2

*Lionra Techs. Ltd. v. Fortinet, Inc.*,
   No. 2:22-CV-00322-JRG-RSP, Dkt. 515 (E.D. Tex. May 13, 2024) ........................................5

*Lionra Techs. Ltd. v. Fortinet, Inc.*,
   No. 2:23-CV-00206-JRG, Dkt. 56 (E.D. Tex. Jul. 1, 2024) .......................................................5

*NFC Tech. LLC v. HTC Am.*,
   No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ..................................2

*Peloton Interactive, Inc. v. Flywheel Sports, Inc.*,
   No. 2:18-CV-00390-RWS-RSP, 2019 WL 3826051 (E.D. Tex. Aug. 14, 2019) ......................3

*Resonant Sys., Inc. v. Samsung Elecs. Co.*,
   No. 2:22-CV-00423-JRG, 2024 WL 1021023 (E.D. Tex. Mar. 8, 2024) ..............................2, 3

*Scorpcast, LLC v. Boutique Media Pty Ltd.*,
   No. 2:20-CV-00193-JRG-RSP, 2020 WL 7631162 (E.D. Tex. Dec. 22, 2020) ........................3

*Uniloc USA, Inc. v. Samsung Electronics America, Inc.*,
   2:16-CV-00642 (E.D. Tex. June 13, 2017) ................................................................................4

*Vill. Green Techs., LLC v. Samsung Elecs. Co.*,
   No. 2:22-CV-00099-JRG, 2023 WL 416419 (E.D. Tex. Jan. 25, 2023) ...............................1, 2

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014) ..................................................................................................4

The unique circumstances here warrant a stay. The instituted IPR on all asserted claims is likely to simplify the case by canceling or narrowing claims, reducing the scope of litigation, and streamlining discovery.

Most of the most resource intensive work is still incomplete. No depositions have been scheduled or conducted. Further, expert reports, expert discovery, dispositive motions, and pretrial filings remain.

Lionra also fails to show undue prejudice from a stay. Delays in enforcing patent rights or deferring damages do not, by themselves, constitute undue prejudice. This is especially true here, where Lionra first sued Cisco in August of 2022, but waited until February of 2024 to assert this patent. Lionra also saw no need to file a preliminary response to Cisco's IPR petition. But now, somehow it insists the case must proceed with all possible haste or it will suffer undue prejudice.

Cisco on the other hand will suffer substantial hardship if the case proceeds without a stay, continuing to face the significant burdens of defending against infringement claims, despite the PTAB finding a "reasonable likelihood" of unpatentability and the Unified Patent Court finding no infringement on near-identical claims.

Considering the IPR institution on all asserted claims, the substantial work that remains in the case, and the lack of undue prejudice to Lionra, the interests of justice strongly favor a stay.

I.   ARGUMENT

   A.   **A Stay Is Likely to Simplify the Issues in the Case.**

It makes little sense for the parties to conduct depositions, prepare expert reports, file summary judgment motions, and go to trial on claims that may be invalidated or changed in scope. Thus, this "most important factor" favors a stay. *See, e.g.*, *Vill. Green Techs., LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00099-JRG, 2023 WL 416419, at *3 (E.D. Tex. Jan. 25, 2023).

Where, as here, "all claims have been instituted upon, the Court understands that all the

1

claims may potentially be modified, dropped, or canceled in light of such parallel proceedings." *AGIS Software Dev. LLC v. Google LLC*, No. 2:19-CV-00359-JRG, 2021 WL 465424, at *2 (E.D. Tex. Feb. 9, 2021); *see also Image Processing Techs., LLC v. Samsung Elecs. Co.*, No. 2:16-cv-505-JRG, 2017 WL 7051628, *1–2 (E.D. Tex. Oct. 25, 2017). Cancellation of all the asserted claims would completely resolve the case, and cancellation of some asserted claims would reduce the number of claims and issues remaining for pretrial briefing, pretrial, and, ultimately, trial. *See, e.g.*, *Vill. Green Techs*, 2023 WL 416419 at *3; *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, *7 (E.D. Tex. Mar. 11, 2015).

Lionra contends that Cisco has not met its burden on this factor because "[e]fficiency dictates that all of Cisco's defenses be handled together, in this single action, rather than a piecemeal resolution between multiple proceedings." Dkt. 46 at 10. On this point, Cisco agrees. Efficiency does dictate that all defenses be handled together. Staying the case now and evaluating the scope of the case, including Cisco's remaining invalidity defenses, after the final written decision in the IPR is more efficient than proceeding with both this case and the IPR in parallel.

Lionra also argues that "institution on all claims does not necessarily mean the issues in this case will be simplified," noting the PTAB's decision to focus on independent claim 13 in its institution decision. Dkt. 46 at 8–9. But what Lionra fails to mention is that the PTAB only felt compelled to address a single claim because Lionra elected not to file a Patent Owner Preliminary Response. Dkt. 37-4 at 7, 12. Further, this Court has rejected the argument "that the PTAB must expressly comment that the grounds for institution are particularly 'strong' as to every claim to find that there is a likelihood of issue simplification." *Resonant Sys., Inc. v. Samsung Elecs. Co.*, No. 2:22-CV-00423-JRG, 2024 WL 1021023, at *3 (E.D. Tex. Mar. 8, 2024).

Finally, Lionra's cited authority is easily distinguishable. For example, Lionra relies on two cases in which IPR *had not been instituted* on all asserted claims. *See* Dkt. 46 at 8–9 (citing *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 2:18-CV-00390-RWS-RSP, 2019 WL 3826051, at *2 (E.D. Tex. Aug. 14, 2019) ("First, the PTAB has not yet instituted review for the '315 Patent."); *Scorpcast, LLC v. Boutique Media Pty Ltd.*, No. 2:20-CV-00193-JRG-RSP, 2020 WL 7631162, at *3 (E.D. Tex. Dec. 22, 2020) ("However, the Board has not rendered an institution decision yet.")). Neither case is analogous because here, the Board has instituted IPR on all asserted claims. This fact alone "tends to suggest a substantial likelihood of simplification." *Commc'n Techs., Inc. v. Samsung Elecs. Am., Inc.*, No. 2:21-CV-00444-JRG, 2023 WL 1478447, at *2 (E.D. Tex. Feb. 2, 2023). As such, this factor weighs in favor of a stay.

B.   **The Most Resource-Intensive Stages of the Case Are Yet to Come.**

No depositions have been scheduled or conducted. The *Markman* hearing has not yet occurred. Expert reports, expert discovery, dispositive motions, pretrial filings, and trial remain—all among the most resource-intensive aspects of this case. In other words, the bulk of the case remains.

This court has recently granted at least two motions to stay under similar circumstances, finding that this factor weighed in favor of a stay. *See Resonant Sys.*, 2024 WL 1021023, at *3 (finding that the stage of the case favored a stay where a *Markman* hearing had not yet been conducted, and only two depositions had been taken); *see also Commc'n Techs.*, 2023 WL 1478447, at *3 (granting motion to stay at similar stage, noting that "it is likely that the bulk of the expenses that the parties would incur […] are still in the future.").

It is also noteworthy that Lionra mischaracterizes the discovery completed to date. Lionra states that the parties have produced "over 3,000 documents totaling over 2.7 million pages." Dkt. 46 at 6. In truth, Cisco produced more than 99% of these documents nearly a year ago to comply

with Local Patent Rule 3-4.  Cisco should not be penalized for meeting its obligations under the Local Rules.  Additionally, Lionra's claim of "extensive source code review" is misleading. Dkt. 46 at 6.  Lionra's expert has reviewed Cisco's code for only six days, most recently in October 2024.  Nevrekar Decl. ¶ 6.

Further, Lionra improperly includes facts that arose after Cisco filed its motion.  For instance, Lionra's opening claim construction brief had only been filed at the time of Cisco's motion, and the parties had not yet entered a representative products stipulation.  These developments are not relevant to the present inquiry.  *See, e.g.*, *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) ("Generally, the time of the motion is the relevant time to measure the stage of litigation.").  Even if it were relevant, the recent stipulation only reflects the early stage of the case, as Lionra only recently agreed on the scope of accused products, despite Cisco's numerous attempts to clarify Lionra's infringement theories and streamline the issues.  *See, e.g.*, Ex. 4 (May 30, 2024, Letter to Counsel); Ex. 5 (June 28, 2024, Letter to Counsel); Ex. 6 (July 23, 2024, Letter to Counsel).

Finally, regarding resource efficiency, none of the work Lionra cites will be wasted if the case is stayed.  If the case resumes, the parties will retain their document productions and source code reviews.  Without a stay, substantial resources (of both the parties and Court) could be squandered on depositions, expert reports, dispositive motions, and trial regarding claims that may be narrowed or canceled.  *Uniloc USA, Inc. v. Samsung Electronics America, Inc.*, 2:16-CV-00642, at 2–3 (E.D. Tex. June 13, 2017) ("[E]ven if the PTAB does not invalidate every claim on which it has instituted IPR, there is a significant likelihood that the outcome of the IPR proceedings will streamline the scope of this case to an appreciable extent.").  For each of these reasons, this factor favors granting a stay.

4

### C. Lionra Will Not Suffer Undue Prejudice from a Stay.

Lionra identifies no prejudice that it will suffer if this case is stayed, other than the "timely enforcement of its patent rights." Dkt. 46 at 3 (citation omitted and cleaned up). It is well-established the "mere delay in collecting damages does not constitute undue prejudice." *Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co., Ltd.*, No. 6:14-cv-759, 2015 WL 11143485, at *2 (E.D. Tex. Dec. 16, 2015) (internal citation omitted). Here, Lionra did not seek a preliminary injunction, does not produce any products or engage in business operations apart from maintaining and asserting a patent portfolio, and does not compete with Cisco. It is also noteworthy that Lionra elected to not file a Patent Owner Preliminary Response to Cisco's petition, undermining its claim of diligently enforcing or protecting its patent rights. Dkt. 46 at 4–5.

Cisco, on the other hand, would suffer undue prejudice if the case is not stayed because it would continue to incur significant expense and burden—including by defending against claims that eventually may be cancelled. The history between the parties is also relevant. This the eighth patent asserted by Lionra against Cisco in this Court in the last three years. Each assertion has been voluntarily dismissed, or judgment has been issued in Cisco's favor. *See, e.g.*, *Lionra Techs. Ltd. v. Fortinet, Inc.*, No. 2:22-CV-00322-JRG-RSP, Dkt. 515 (E.D. Tex. May 13, 2024) (granting summary judgment in favor of Cisco); *Lionra Techs. Ltd. v. Fortinet, Inc.*, No. 2:23-CV-00206-JRG, Dkt. 56 (E.D. Tex. Jul. 1, 2024) (entering judgment of noninfringement in member case against Cisco). Further, the Unified Patent Court has already rejected infringement theories that Lionra asserted against Cisco on a related European patent with near-identical claim language—a fact that Lionra ignores in its Response. *See* Dkt. 37 at 6. Thus, this factor also weighs in favor of a stay or is, at a minimum, neutral.

### II. CONCLUSION

Cisco respectfully asks the Court to stay this case pending final resolution of the IPRs.

5

| | |
|---|---|
| Dated: April 7, 2025 | /s/ Brian A. Rosenthal |

Brian A. Rosenthal (lead attorney)
brosenthal@gibsondunn.com
New York State Bar No. 3961380
Katherine Dominguez
kdominguez@gibsondunn.com
New York State Bar No. 4741237
Sanjay Nevrekar
snevrekar@gibsondunn.com
New York State Bar No. 5933387
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000

Christine Ranney
cranney@gibsondunn.com
Colorado State Bar No. 55398
**GIBSON, DUNN & CRUTCHER LLP**
1801 California Street, Suite 4200
Denver, CO 80202-2642
Telephone: 303.298.5700

Albert Suarez IV
asuarez@gibsondunn.com
Texas State Bar No. 24113094
Monica Lin
mlin2@gibsondunn.com
Texas State Bar No. 24141113
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-6912
Telephone: 214.698.3360

Melissa R. Smith
melissa@gillamsmithlaw.com
Texas State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670-4157
Telephone: 903.934.8450

*Attorneys for Defendant Cisco Systems, Inc*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to CM/ECF participants in this case.

*/s/ Brian A. Rosenthal*
Brian A. Rosenthal
