IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LIONRA TECHNOLOGIES LTD., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00097-JRG |
| | § | |
| CISCO SYSTEMS, INC., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Opposed Motion to Stay Pending Resolution of *Inter Partes* Review for All Asserted Claims (the "Motion") filed by Defendant Cisco Systems, Inc. ("Defendant"). (Dkt. No. 37.) In the Motion, Defendant renews its request that the Court stay the above-captioned case pending resolution of the *inter partes* review proceeding related to U.S. Patent No. 7,738,471 (the "'471 Patent"). Having considered the Motion, related briefing, and oral argument, the Court finds that it should be **DENIED**.

I.    **BACKGROUND**

Plaintiff Lionra Technologies Limited ("Plaintiff") filed suit against Defendant on February 13, 2024, accusing Defendant of infringing the '471 Patent. (Dkt. No. 1.) After the filing of the Complaint, on August 26, 2024, Defendant filed an *inter partes* review ("IPR") petition against the '471 Patent. (Dkt. No. 37-3.) On March 4, 2025, Defendant filed its first motion to stay pending resolution of the IPR. (Dkt. No. 36.) The Court denied Defendant's motion to stay without prejudice to refile it following the Patent Trial and Appeal Board's ("PTAB") institution decision. (Dkt. No. 36.) On March 13, 2025, the PTAB instituted Defendant's IPR on all claims Plaintiff asserts Defendant infringes in this case. (Dkt. No. 37-4.) Defendant filed the Motion on the same

day as the PTAB's institution decision. (Dkt. No. 37.) The PTAB's final written decision is expected by March 13, 2026. (35 U.S.C. § 316(a)(11); Dkt. No. 37-4.)

The Court heard oral argument on the Motion on April 16, 2025, in conjunction with the related *Markman* hearing. (Dkt. No. 54.)

## II.    LEGAL STANDARD

District courts have the inherent power to control their own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

"District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

## III.    DISCUSSION

### A.    Prejudice to Plaintiff Disfavors a Stay

Defendant argues that Plaintiff will not suffer undue prejudice from a stay because Plaintiff is a non-practicing entity that makes no products, has no business operations apart from maintaining and asserting a patent portfolio, and does not compete with Defendant. (Dkt. No. 37 at 5-6.) Defendant contends that a mere delay in collecting monetary relief does not constitute undue prejudice. (*Id.* at 5.) Defendant asserts that Plaintiff not moving for a preliminary injunction

2

and not filing a Patent Owner Preliminary Response to Defendant's IPR weighs against a finding of undue prejudice. (*Id.* at 5-6; *see also* Dkt. No. 48 at 2.)

Defendant also argues that it would suffer undue prejudice because it would continue to incur the expense and burden of defending against infringement allegations of patent claims for which the PTAB found a "reasonable likelihood" of unpatentability. (Dkt. No. 37 at 6.) Defendant also points to a Unified Patent Court proceeding that Plaintiff filed against Defendant, asserting that Defendant infringed the '471 Patent's European counterpart. (*Id.*) Defendant represents that the UPC declined to nullify the patent but found the same elements missing in the prior art and the accused products, holding that Plaintiff's infringement claims were unfounded. (*Id.*)

Plaintiff responds that a stay would unduly prejudice it because a stay would essentially be indefinite and would not allow it to timely enforce its patent rights. (Dkt. No. 46 at 2-4.) Plaintiff asserts that given that the PTAB's final written decision is not expected until March 2026 and would then be subject to further appeals, a resolution of its patent claims may not be resolved for several years. (*Id.*) Plaintiff argues that it has already incurred significant expense and effort in this case, which may need to be duplicated if the Court stays the case. (*Id.* at 4-5.) Plaintiff further asserts that simply because it is a non-practicing entity and did not move for a preliminary injunction does not preclude it from suffering prejudice from a stay. (*Id.* at 5-6.)

The Court finds that this factor disfavors a stay. This Court has recognized that "a plaintiff has a right to the timely enforcement of its patent rights." *Saint Lawrence Commc'ns LLC v. ZTE Corp.*, No. 2:15-cv-00349-JRG, 2017 WL 3396399, at *2 (E.D. Tex. Jan. 17, 2017). Granting a stay in this case could delay its resolution, as the PTAB's final written decision, which could be subject to further appeals, is not due until a date more than five months after the jury trial is set to begin. Such a delay would prejudice Plaintiff's ability to vindicate its patent rights. While "a delay

in vindication of patent rights *alone* is insufficient to prevent a motion to stay from being granted," "such a delay should still be considered in determining the extent of undue prejudice." *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-cv-00662-JRG-RSP, 2018 WL 11363368, at *1 (E.D. Tex. Nov. 19, 2018) (emphasis added).

This Court has made clear that it is "not persuaded by [the] argument that because [Plaintiff] is not a competitor of [Defendant], a delay to this litigation will result in no prejudice to [Plaintiff]." *Solas OLED Ltd. v. Samsung Display Co., Ltd.*, No. 2:19-cv-00152-JRG, 2020 WL 4040716, at *2 (E.D. Tex. July 17, 2020). Defendant's argument that Plaintiff's decision not to move for an injunction weighs in favor of a stay is also incorrect. *Saint Lawrence Comms. LLC v. ZTE Corp.*, No. 2:15-cv-00351-JRG, 2017 WL 3396399, at *2 (E.D. Tex. Jan. 17, 2017) ("the failure to seek an injunction does not amount to an admission by plaintiff that it will not be prejudiced by a stay."). Defendant's argument that a mere delay in collecting monetary relief does not constitute undue prejudice is also unavailing. *Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, No. 2:21-cv-00113-JRG, 2022 WL 17484264, at *2 (E.D. Tex. July 7, 2022) ("Further, this Court has repeatedly found that a delay in recovering monetary damages is far from non-prejudicial and is entitled to weight under this factor.") (cleaned up).

The Court is not persuaded by Defendant's arguments regarding the Unified Patent Court's decision regarding the '471 Patent's European counterpart. The Unified Patent Court considered a different patent, under a different standard, and based on different facts. The Court is not bound by the Unified Patent Court's decision. Therefore, this unrelated foreign proceeding does not weigh upon whether this Court should stay these proceedings. Defendant's contention that it will be unduly prejudiced if the Court does not enter a stay is also misplaced. The present factor looks to "whether a stay will unduly prejudice or present a clear tactical disadvantage to the ***nonmoving***

*party*." *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co. Ltd.*, 2018 WL 3472700, at *1 (E.D. Tex. July 19, 2018) (emphasis added).

Additionally, the Court is unconvinced by Defendant's argument that Plaintiff will not suffer prejudice because it is a non-practicing entity. Defendant fundamentally asks the Court to create two classes of plaintiffs—non-practicing entities and practicing entities—and to find that only practicing entities can suffer prejudice because of a stay. The Court declines to do so. Whether or not a plaintiff is a practicing or non-practicing entity is of no moment when considering whether a plaintiff will suffer prejudice because of a stay. *Headwater Rsch. LLC v. Samsung Elecs. Co., Ltd.*, No. 2:23-cv-00103-JRG-RSP, 2024 WL 5080240, at *2 (E.D. Tex. Dec. 11, 2024) ("***All parties*** have an interest in the timely vindication of their patent rights, ***regardless of their practicing status***.") (emphasis added).

The Court notes that filing a Patent Owner Preliminary Response ("POPR") to an IPR petition is optional. 37 C.F.R. § 42.107. As Plaintiff argued at the hearing, and as this Court appreciates, filing a POPR can be a strategic decision. Plaintiff's arguments and statements in a POPR can be used against it for estoppel or claim construction purposes. The Court considers Plaintiff's decision not to file a POPR and finds that, under these facts and circumstances, it does not support finding that such a decision supports a stay.

Accordingly, this factor weighs against a stay.

### B.    The Stage of the Case Favors a Stay

Defendant argues that the stage of the case weighs in favor of a stay because significant portions of the case remain. (Dkt. No. 37 at 4-5.) Defendant asserts that the remaining stages represent the "most burdensome part of the case." (*Id.* at 4.) Specifically, at the time Defendant filed the Motion, several months were remaining in fact discovery, the *Markman* hearing had not

taken place, and the parties still needed to complete expert discovery and pretrial briefing. (*Id.*) Defendant also argues that it was diligent in filing its IPR and moving to stay. (*Id.* at 5.)

Plaintiff responds that the advanced stage of the case weighs against a stay. (Dkt. No. 46 at 6-8.) Plaintiff points to the fact that the parties have exchanged contentions, engaged in significant fact discovery, performed source code review, and nearly completed claim construction briefing. (*Id.* at 6-7.) Plaintiff also argues that trial is only seven months away, in October 2025. (*Id.*)

The Court finds that this factor favors a stay. When Defendant filed the Motion, the case had been pending for over a year and the parties were in the midst of claim construction briefing. Fact discovery was set to close in about two months, and the parties had not taken or noticed any depositions. The bulk of the work in this case had and has yet to take place. While Defendant moved to stay on the same day the PTAB instituted the IPR, the Court observes that Defendant should have acted more diligently in filing its IPR petition. Defendant waited over six months after Plaintiff filed this case and three months after Plaintiff served its infringement contentions to file the IPR petition. Had Defendant filed its IPR petition sooner, the PTAB's institution decision "could have resulted even earlier in this case, which would have enured to everyone's benefit." *Resonant Sys., Inc. v. Samsung Elecs. Co.*, No. 2:22-cv-00423-JRG, 2024 WL 1021023, at *4 (E.D. Tex. Mar. 8, 2024).

While the Court finds that Defendant should have acted sooner in filing its IPR petition, the bulk of this case is still in the future. Accordingly, this factor weighs in favor of a stay.

### C.    Lack of Simplification of the Issues Before the Court Slightly Disfavors a Stay

Defendant argues that a stay will likely simplify the issues in this case because the PTAB instituted IPR of every asserted claim. (Dkt. No. 37 at 3-4.) Defendant asserts that cancellation of all asserted claims would completely resolve the case, and cancellation of some asserted claims

would reduce the number of claims and issues remaining for pretrial briefing, pretrial, and, ultimately, trial. (*Id.*)

Plaintiff responds that it is speculative whether a stay will simplify the issues. (Dkt. No. 46 at 8-10.) Plaintiff asserts that Defendant does little to show that a stay will simplify the issues in the case—other than to cite the fact that the PTAB instituted IPR on all asserted claims. (*Id.* at 8-9.) Plaintiff also argues that the scope of the IPR does not cover Defendant's §§ 101 and 112 defenses. (*Id.* at 9-10.)

The Court finds that this factor weighs only slightly against a stay. While the Court acknowledges there is some possibility that resolution of the IPR could simplify the issues of this case, that is far from a certainty. It is unknown whether the PTAB will find all or even some of the asserted claims unpatentable. The only scenario in which the IPR disposes of the entire case is if the PTAB invalidates all claims of the '471 Patent and the Federal Circuit affirms the PTAB's decision on appeal. Further, the IPR only covers a portion of Defendant's invalidity arguments. The PTAB's decision will address only a single theory, obviousness under § 103, concerning four prior art references. (*See* Dkt. No. 37-3.) The IPR will not address Defendant's argument that the '471 Patent is invalid under §§ 101 and/or 112.

Accordingly, the Court finds that this factor weighs only slightly against a stay.

## IV.   CONCLUSION

After weighing the factors that bear on whether a stay is warranted, the Court finds that the balance of those factors weighs against granting a stay. Accordingly, the Court **DENIES** Defendant's Opposed Motion to Stay Pending Resolution of *Inter Partes* Review for All Asserted Claims (Dkt. No. 37).

So **ORDERED** and **SIGNED** this 28th day of April, 2025.


RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE